UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KATHY ZUYUS                                CIVIL ACTION

VERSUS                                     NO. 05-0032

HILTON RIVERSIDE, ET AL.                   SECTION "R" (2)

**ORDER AND REASONS**

Defendants Hilton Riverside, LLC, International Rivercenter, LLC, Hilton Hotels Corporation and Mr. Fred Sawyers move the Court to dismiss some of the claims of plaintiff Kathy Zuyus for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). For the following reasons, the Court GRANTS defendants' motion in part and DENIES it in part.


**I.    BACKGROUND**

Plaintiff alleges the following facts.  On January 7, 2004, Peter Zuyus, an elderly white man, went to the Hilton New Orleans Riverside to patronize the coffee shop in the hotel lobby.  (R. Doc. 30 at 5).  In the lobby, defendant Lucian Fortune, who identified himself as a security guard for the hotel, approached

Zuyus.  (*Id.*).  Fortune accused Zuyus of shoplifting and demanded
to see the contents of Zuyus' shopping bag.  (*Id.* at 5-6).  Zuyus
refused to cooperate with the inspection and prepared to leave
the building.  (*Id.* at 6).  On his way out, Zuyus complained to a
hotel doorman about the exchange, and the doorman suggested that
Zuyus speak to defendant Fred Sawyers, the general manager of the
property.  (*Id.*).  Zuyus met with Sawyers in his office on the
second floor of the hotel.  (*Id.*).  Sawyers allegedly apologized
and agreed to speak with the hotel's security personnel.  (*Id.*).

After meeting with Sawyers, Zuyus left the hotel.  (*Id.*).
As he walked down the sidewalk on Poydras Street, he was
allegedly assaulted by Fortune and two other hotel security
guards, defendants Kevin Lewis and Gary Meyers.  (*Id.*).  The
security guards allegedly "attacked, hit, punched, and
handcuffed" Mr. Zuyus.  (*Id.* at 6-7).  During the attack, the
security guards allegedly used racial epithets and "racial
obscenities."  (*Id.* at 7).  The security guards allegedly dragged
Zuyus to a hotel security office where they searched his shopping
bag and found that it contained only the sports section of an old
newspaper.  (*Id.*).  The security guards detained Zuyus until a
New Orleans Police Department officer arrived.  (*Id.*).  The
officer asked to see Zuyus' identification, asked him whether he
had ever been arrested, and then instructed the security guards
to release him.  (*Id.*).  Zuyus then spoke by telephone with

2

Sawyers, who told him to leave the grounds of the hotel immediately and never return to the hotel's coffee shop.  (*Id*. at 7-8).  Zuyus left the hotel and went home.  (*Id*. at 8).

Peter Zuyus filed suit against defendants Hilton Riverside, LLC, International Rivercenter, LLC, Hilton Hotels Corporation, Fred Sawyers, Lucien Fortune, Kevin Lewis, and Gary Meyers under 42 U.S.C. §§ 1981, 1982, 1983, and 1985.  Zuyus, along with his wife, also alleged several state law tort claims. Kathy Zuyus also made a claim for loss of consortium.  After filing this suit, Peter Zuyus died.  Kathy Zuyus has since substituted herself as plaintiff.

Defendants have moved to dismiss all of plaintiff's civil rights claims under Title 42, as well as Kathy Zuyus' loss of consortium claim.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss Under 12(b)(6)

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).  The Court must resolve doubts as to the sufficiency of the claim in plaintiff's

3

favor. *Vulcan Materials Company v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Id.; Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).

## III. ANALYSIS

### A.    Claims Under 42 U.S.C. § 1981

Plaintiff asserts a claim under 42 U.S.C. § 1981. Section 1981 provides as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . .

42 U.S.C. § 1981(a). Section 1981 generally forbids racial discrimination in the making and enforcement of private contracts, regardless of the race of aggrieved party. *Bobo v. ITT, Continental Baking Co.*, 662 F.2d 340, 342 (5th Cir. 1981). To establish a prima facie case under section 1981, a plaintiff must show that the alleged "discrimination concerned one or more of the activities enumerated in the statute." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997). "Section 1981 does

not provide a general cause of action for race discrimination. .
.[;] [r]ather it prohibits intentional race discrimination with
respect to *certain enumerated activities*." *Arguello v. Conoco,
Inc.*, 330 F.3d 355, 358 (5th Cir. 2003) (emphasis added).
Allegations of "'the mere possibility that a retail merchant
would interfere with a customer's right to contract in the
future' is insufficient to support recovery under § 1981." *Id.
(quoting Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 752
(5th Cir. 2001)).  A customer must make a tangible attempt to
contract and that attempt must be thwarted by the defendant in
order to allege a claim under section 1981. *See id.*  In *Morris*,
it was not sufficient that the plaintiff had been banned from
returning to the defendant's premises; in order to sustain her
claim, the Fifth Circuit required that she make an attempt to
contract with the store during the course of the ban. *Id*. at
753.

Although Zuyus asserts that defendants interfered with his
ability to make and enforce contracts, this allegation is
unsupported by the facts he alleges.  After his alleged
altercation with the defendants, Zuyus left the Hilton and did
not return.  Zuyus asks that the Court find that he was
"constructively thwarted" from returning.  Fifth Circuit law is
clear on this point - the attempt to contract must be "tangible,"
not speculative.  Zuyus fails to allege a tangible attempt to

contract that could have been thwarted by the defendants. Because the facts as stated by the plaintiff fail to support a claim of discrimination involving one of the activities enumerated in 42 U.S.C. § 1981, the Court dismisses plaintiff's claims under section 1981 against all defendants.

**B.   Claims Under 42 U.S.C. § 1982**

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.  The statute protects individuals, including caucasians, from animus based on the individual's status as a member of a group considered to be racially distinct at the time the statute was adopted. *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 617 (1987); *see also St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609-13 (1987).  In order to bring an action under section 1982, a plaintiff "must allege with specificity facts sufficient to show or raise a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of race." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001); *Ennis v. Edwards*, 2003 WL 1560113 at *5 (E.D. La. 2003).  A narrow construction of the language of section 1982 is impermissible, as it would be "inconsistent with the broad and

6

sweeping nature of the protection meant to be afforded by § 1 of the Civil Rights Act of 1866, 14 Stat. 27, from which § 1982 was derived." *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 237 (1969).

Zuyus alleges that he was detained on suspicion of shoplifting and that his bag was ultimately searched because of his race.  He alleges that after he was initially detained but before his bag was searched, defendants beat him while using racial slurs.  He asserts that this amounts to a racially motivated invasion of his personal property.  Store detectives are prohibited by section 1982 from stopping and questioning store customers solely because of their race.  *Evans v. Tubbe*, 657 F.2d 661, 663 n.2 (5th Cir. 1981) ("[P]ursuant to § 1982, . . . a department store detective may not stop and question black customers but not white customers.") (citing *Battle v. Dayton-Hudson Corp.*, 399 F. Supp. 900, 905 (D. Minn. 1975)).  The hotel security guards here allegedly stopped Zuyus, accused him of shoplifting and searched his property.  The statements they allegedly made while assaulting Zuyus raise a plausible inference that their actions were motivated by racial animus and intentionally discriminatory.  Zuyus has thus alleged sufficient facts to support a recognized claim under section 1982 and dismissal is not warranted.

### C.   Claim under 42 U.S.C. § 1983

Plaintiff also asserts a claim under 42 U.S.C. § 1983.

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or
> the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983.  There are two parts to a section 1983 claim:

(1) the plaintiff must allege a violation of a right secured by

the Constitution and laws of the United States, and (2) the

plaintiff must show that the alleged deprivation was committed by

a person acting under color of state law.  *Cornish v.*

*Correctional Services Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

The critical inquiry in a section 1983 claim is whether the

"alleged infringement of federal rights [can be] fairly

attributable to the State." *Cornish*, 402 F.3d at 549.  "'[Mere]

private conduct, no matter how discriminatory or wrongful,'" is

excluded from the reach of section 1983.  *Id.* at 549.  The Fifth

Circuit has found state action on the part of private security

guards or store employees when the employees alert the police to

alleged wrongdoing, and the police arrest the suspect without

performing an independent investigation, because state action is

ultimately taken against the alleged shoplifter.  *Morris*, 277

F.3d at 750.

Plaintiff here does not allege any wrongful conduct that could be reasonably attributed to state actors.  Nor does Zuyus allege that the police and the hotel security guards were operating in concert with one another to deprive him of his constitutional rights.  Zuyus alleges that the New Orleans police officer summoned by the defendants instructed the defendants to release him.  This case is thus distinguishable from those cases in which state action was found when police officers summoned by a merchant detained, searched, or arrested a customer.  *See Morris*, 277 F.3d at 748.  Because Zuyus has not alleged that any state official acted in concert with the private hotel security guards to deprive him of his rights, he fails to state a claim under section 1983.  The Court therefore dismisses plaintiff's claims under 42 U.S.C. § 1983 against all defendants.

**D.   Claim under 42 U.S.C. § 1985(3)**

Section 1985(3) reads, in pertinent part:

> If two or more persons in any State or Territory
> conspire . . . for the purpose of depriving, either
> directly or indirectly, any person or class of persons
> of the equal protection of the laws, or of equal
> privileges and immunities under the laws; . . . or to
> injure any citizen in person or property on account of
> such support or advocacy; . . . if one or more persons
> engaged therein do, or cause to be done, any act in
> furtherance of the object of such conspiracy, whereby
> another is injured in his person or property, or
> deprived of having and exercising any right or
> privilege of a citizen of the United States, the party
> so injured or deprived may have an action for the
> recovery of damages occasioned by such injury or

9

> deprivation, against any one or more of the
> conspirators.

42 U.S.C. § 1985(3).

In order to prove a private conspiracy in violation of
section 1985(3), a plaintiff must show, *inter alia*, that (1) some
racial (or perhaps otherwise class-based, invidiously
discriminatory) animus lay behind the conspirators' action, and
(2) the conspiracy aimed at interfering with federal rights that
are protected against private, as well as official, encroachment.
*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268
(1993); *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366
(1979) (section 1985(3) provides "a civil cause of action when
some otherwise defined federal right . . . is breached by a
conspiracy in the manner defined").  Zuyus has properly alleged
the necessary racial animus underlying the defendants' actions.
His claim fails, however, because he does not allege that the
conspiracy was aimed at interfering with a federal right that is
protected against private and official encroachment.  Zuyus
alleges that the defendants conspired to "negligently and/or
intentionally conduct [sic] the illegal search, accusation of
theft, wrongful arrest of, interrogation of, wrongful detention
of, physical and emotional attack upon, and injury to" Zuyus, all
of which, he alleges, amounts to a "violation of his civil rights
protections."  (Rec. Doc. 30 at 11).  In essence, Zuyus alleges
that the defendants conspired to commit an illegal search and

seizure and various intentional torts.  This is not enough,
without more, to satisfy section 1985(3).  First, Zuyus does not
allege that violating a federal right secured against private
encroachment was the object of the conspiracy.  *See Griffin v.
Breckenridge*, 403 U.S. 88 (1971) (section 1985(3) applied to
conspiracies by private parties to deny others equal protection
of the laws); *see also Bray*, 506 U.S. at 278 (noting that
"[t]here are few such rights").  Second, to the extent that he
asserts that the conspiracy was designed to violate any federal
rights, he invokes the right to be free from wrongful searches
and seizures.  This right is secured only against state, not
private interference.  *See Walter v. United States*, 447 U.S. 649,
656 (1980).  As the Fifth Circuit has held, "when the alleged
conspiracy is aimed at a right that is by definition a right only
against state interference, the plaintiff must prove state
involvement."  *Wong v. Stripling*, 881 F.2d 200, 203 (5th Cir.
1989) (*quoting United Bhd. of Carpenters & Joiners v. Scott*, 463
U.S. 825, 833 (1983)).  Zuyus has not alleged state involvement.
Third, that Zuyus alleges that defendants conspired to commit
certain torts, which involve rights protected by state law,
without alleging that they were committed for the purpose or had
the effect of depriving him of a federal right protected against
private as well as official encroachment, means that he has not
asserted a claim under section 1985(3).  *See Stevens v. Tillman*,

855 F.2d 394, 404 (7th Cir. 1988).  For the foregoing reasons, plaintiff has failed to state a claim for relief under section 1985(3).

   **E.   Loss of Consortium Claim**

   Kathy Zuyus asks for damages based on loss of consortium as a result of her husband's injuries.  Defendant asks that this claim be dismissed as it pertains to her claims for federal civil rights violations because loss of consortium is not an available remedy for federal civil rights claims.  In her response to defendant's motion to dismiss, plaintiff asserts that this Court has supplemental jurisdiction over her state law claims "and losses that are derivative of [her] state or federal claims."  It is thus somewhat unclear whether Kathy Zuyus asserts a loss of consortium claim in conjunction with her husband's civil rights claim, his state law claims, or both.  It is undisputed that loss of consortium is available as a remedy for tort claims under Louisiana law, so even if the court dismisses Kathy Zuyus' loss of consortium claim as it pertains to her husband's remaining federal civil rights claim, she could still recover for loss of consortium in conjunction with her state law claims.  La. Civ. Code. art. 2315.

   Numerous federal courts have held that an action for loss of consortium is not available to spouses of alleged victims of federal civil rights violations.  *See, e.g., Niehus v. Liberio*,

12

973 F.2d 526, 533 (7th Cir. 1992) ("The right to a husband's assistance in raking leaves is not a liberty protected by the Fourteenth Amendment."); *Cross v. City of Chattanooga*, 2005 WL 2456977 at *11 (E.D. Tenn. 2005) ("The law seems clear that one person may not sue, nor recover damages, for the deprivation of another person's civil rights.") (*quoting Jenkins v. Carruth*, 583 F. Supp. 613, 616 (E.D. Tenn. 1982); *Edsall v. Assumption Coll.*, 367 F. Supp. 2d 72, 85 (D. Mass. 2005) (injured party's spouse cannot assert loss of consortium under 42 U.S.C. § 1981 or Title VII); *Robinson v. City of Memphis*, 340 F. Supp. 2d 864, 872 (W.D. Tenn. 2004); *Danas v. Chapman Ford Sales*, 120 F. Supp. 2d 478, 489 (E.D. Pa. 2000); *Cook v. Waters*, 1996 WL 685842 at *1 (M.D. Fla. 1996); *Brown v. Youth Svcs. Int'l*, 904 F. Supp. 469, 470 (D. Md. 1995) ("the federal courts almost unanimously have dismissed loss of consortium claims based upon federal civil rights violations"); *Quitmeyer v. Southeastern Pa. Trans.* Auth., 740 F. Supp. 363, 370 (E.D. Pa. 1990); *Tauriac v. Polaroid Corp.*, 716 F. Supp. 672, 673 (D. Mass. 1989); *Jenkins v. Carruth*, 583 F. Supp. 613, 616 (E.D. Tenn. 1982); *but cf. Sharpe v. Green Spring Dairy*, 911 F. Supp. 172, 174 (D. Md. 1994) (distinguishing *Tauriac* by holding that Maryland law allowed a claim for loss of consortium even when there was no valid underlying tort claim); *McCray v. Holt*, 777 F. Supp. 945, 948 (S.D. Fla. 1991) (allowing a loss of consortium claim in conjunction with a section 1983 claim based

only on an analysis of pendent-party jurisdiction); *Hayes v. Vessey,* 578 F. Supp. 690, (E.D. Mich. 1984) *rev'd on other grounds*, 777 F.2d 1149 (6th Cir. 1985) (concluding that the state rule for remedies should apply to actions under section 1983). Courts finding that loss of consortium cannot be claimed in conjunction with a federal civil rights claim have generally pointed to the absence of authority for permitting such recovery and the language of section 1983, which imposes liability only as to the "party injured."  42 U.S.C. § 1983; *Cross*, 2005 WL 2456977 at *11; *Jenkins*, 583 F. Supp. at 616.  In *Jenkins*, for example, the court noted that section 1983 imposes liability only for conduct that subjects a plaintiff to the deprivation of a constitutional or statutory right, not for other harms that might arise in conjunction with such a deprivation.  583 F. Supp. at 616.

   Section 1982, plaintiffs' only remaining federal claim, does not specify available remedies.  *Jones v. Alfred Mayer Co.*, 392 U.S. 409, 414 (1968).  In civil rights cases, the Supreme Court has ruled that "both federal and state rules on damages may be utilized, whichever better serves the policies expressed in the federal statutes." *Sullivan*, 396 U.S. at 239.  Section 1982 was passed by Congress as part of the Civil Rights Act of 1866, with the goal of securing black citizens' right to purchase and hold property against public and private interference.  *Jones*, 392

14

U.S. at 423-24.  Only very rarely will claims under section 1982
involve the kind of personal injuries alleged here, such that the
denial of a right to hold property could implicate the
"reciprocal rights and duties that exist between married persons"
protected by actions for loss of consortium.  10 AM. JUR. 3D *Proof
of Facts* § 97.  Allowing claims for loss of consortium would thus
rarely be necessary to serve the policy goals of section 1982.
In the absence of any persuasive authority indicating that loss
of consortium is an appropriate remedy for a violation of federal
civil rights and with considerable authority indicating that it
is not, the Court rules that Zuyus may not recover for loss of
consortium in conjunction with her husband's remaining federal
civil rights claim.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants'
motion as to plaintiffs' claims under Title 42, Sections 1981,
1983, and 1985 of the United States Code.  These claims are
hereby DISMISSED.  The Court DENIES defendants' motion as to
plaintiffs' claims under Title 42, section 1982 of the United
States Code.  The Court also GRANTS defendants' motion as to
plaintiff Kathy Zuyus' claims for loss of consortium in
conjunction with her claims under the federal civil rights laws.

15

New Orleans, Louisiana, this <u>20th</u> day of June, 2006.


_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT COURT