UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHY ZUYUS | CIVIL ACTION |
| VERSUS | NO. 05-0032 |
| HILTON RIVERSIDE, ET AL. | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is the motion of defendants Hilton Riverside, LLC, International Rivercenter, LLC, Hilton Hotels Corporation and Mr. Fred Sawyers for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, the Court GRANTS defendants' motion.

I.   BACKGROUND

On the morning of January 7, 2004, Peter Zuyus, an elderly white man, visited the Hilton New Orleans Riverside. Zuyus alleges that he went to the hotel to patronize the coffee shop in the hotel lobby. (R. Doc. 30 at 5). Zuyus further alleges that he was accused of shoplifting and that a hotel security guard

demanded to see the contents of Zuyus' shopping bag.  (*Id*. at 5-6).  Zuyus then refused to cooperate with the inspection and prepared to leave the building.  (*Id*. at 6).  On his way out, Zuyus complained to a hotel doorman about the exchange, and the doorman suggested that Zuyus speak to defendant Fred Sawyers, the general manager of the property.  (*Id*.).  Zuyus met with Sawyers in his office on the second floor of the hotel.  (*Id*.).  Sawyers allegedly apologized and agreed to speak with the hotel's security personnel.  (*Id*.).

After meeting with Sawyers, Zuyus left the hotel.  (*Id*.).  As he walked down the sidewalk on Poydras Street, he was allegedly assaulted by three hotel security guards, defendants Lucien Fortune, Kevin Lewis, and Gary Meyers.  (*Id*.).  The security guards allegedly "attacked, hit, punched, and handcuffed" Mr. Zuyus.  (*Id*. at 6-7).  During the attack, the security guards allegedly used racial epithets and "racial obscenities."  (*Id*. at 7).  The security guards allegedly dragged Zuyus to a hotel security office where they searched his shopping bag and found that it contained only the sports section of an old newspaper.  (*Id*.).  The security guards detained Zuyus until a New Orleans Police Department officer arrived.  (*Id*.).  The officer asked to see Zuyus' identification, asked him whether he had ever been arrested, and then instructed the security guards to release him.  (*Id*.).  Zuyus then spoke by telephone with

Sawyers, who told him to leave the grounds of the hotel immediately and never return to the hotel's coffee shop. (*Id*. at 7-8). Zuyus left the hotel and went home. (*Id*. at 8).

Peter Zuyus filed suit against defendants Hilton Riverside, LLC, International Rivercenter, LLC, Hilton Hotels Corporation, Fred Sawyers, Lucien Fortune, Kevin Lewis, and Gary Meyers under 42 U.S.C. §§ 1981, 1982, 1983, and 1985. Zuyus, along with his wife, also alleged several state law tort claims. Kathy Zuyus also made a claim for loss of consortium. After filing this suit, Peter Zuyus died. Kathy Zuyus has since substituted herself as plaintiff.

In its Order and Reasons dated June 20, 2006, this Court dismissed all of plaintiff's federal claims with the exception of his Section 1982 claim. *Zuyus v. Hilton Riverside*, 439 F.Supp.2d 631 (E.D. La. 2006). Defendants now move for summary judgment as to plaintiff's remaining Section 1982 claim, as well as dismissal of the state law tort claims under 28 U.S.C. § 1367.

## II.  LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A court must be satisfied that no reasonable trier of fact could find for

the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. ANALYSIS**

    **A.  Claims Under 42 U.S.C. § 1982**

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory,

as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.  The statute protects individuals, including Caucasians, from animus based on the individual's status as a member of a group considered to be racially distinct at the time the statute was adopted.  *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 617 (1987); *see also St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609-13 (1987).  In order to bring an action under section 1982, a plaintiff "must allege with specificity facts sufficient to show or raise a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of race."  *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001); *Ennis v. Edwards*, 2003 WL 1560113 at *5 (E.D. La. 2003).  A narrow construction of the language of section 1982 is impermissible, as it would be "inconsistent with the broad and sweeping nature of the protection meant to be afforded by § 1 of the Civil Rights Act of 1866, 14 Stat. 27, from which § 1982 was derived."  *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 237 (1969).

 Zuyus alleges that he was detained on suspicion of shoplifting and that his bag was ultimately searched because of his race.  He alleges that after he was initially detained but before his bag was searched, defendants beat him while using

racial slurs.  He asserts that this amounts to a racially motivated invasion of his personal property.  Store detectives are prohibited by section 1982 from stopping and questioning store customers solely because of their race.  *Evans v. Tubbe*, 657 F.2d 661, 663 n.2 (5th Cir. 1981) ("[P]ursuant to § 1982, . . . a department store detective may not stop and question black customers but not white customers.") (citing *Battle v. Dayton-Hudson Corp.*, 399 F. Supp. 900, 905 (D. Minn. 1975)).  In this Court's Order denying defendants' motion to dismiss plaintiff's Section 1982 claims, the Court found that the statements allegedly made by the hotel security guards while they stopped, searched, and assaulted Zuyus raised a plausible inference that their actions were motivated by racial animus and intentionally discriminatory.  The Court held that "Zuyus has thus alleged sufficient facts to support a recognized claim under section 1982 and dismissal is not warranted."  *Zuyus*, 439 F.Supp.2d at 636.

In support of their motion for summary judgment, defendants submitted affidavit evidence that denies the material allegations of Zuyus' complaint and offers a wholly innocent account of the scenario involving Mr. Zuyus.  In response to defendants' motion for summary judgment on the Section 1982 claim, plaintiff has failed to provide the Court with any evidence beyond his unsupported assertions.  While sufficient here to overcome a motion to dismiss in the Section 1982 context, these allegations

6

cannot now be used without more to defeat a summary judgment motion as well.  When the nonmoving party in a summary judgment action bears the burden of proof at trial, it is well-established that he may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. Here, at a minimum, to prevail under Section 1982, "a plaintiff must prove that a defendant *intentionally* discriminated against him."  *Cantu v. Nocona Hills Owners Ass'n*, 2002 WL 1899659 at *3 (5th Cir. 2002) (citing *Hanson v. Veterans Admin.*, 800 F.2d 1381, 1386 (5th Cir. 1986) (italics in original).  Plaintiff fails to provide any evidence showing intentional racial discrimination on the part of defendants.  Instead, responding to defendants' motion for summary judgment, plaintiff merely regurgitates bald assertions from earlier motions in this case.  He states that "plaintiffs intend to present witnesses, evidence and testimony at trial that will prove" his case.  (R. Doc. 66, at 3). However, plaintiff points to no affidavit, deposition, or any other evidentiary basis for this assertion.  Plaintiff has therefore failed to show a genuine issue of fact exists as to the central elements of his Section 1982 claim.  As such, defendants are entitled to judgment as a matter of law on plaintiff's remaining Section 1982 claim.

    **B.    State Law Claims**

    Plaintiff also asserts various state law causes of action,

which defendants move to dismiss through their summary judgment motion.  A federal court may decline to exercise supplemental jurisdiction when it has dismissed the claims on which its original jurisdiction was based.  *See* 28 U.S.C. § 1367(c)(3).  The general rule is that district courts should decline jurisdiction over state law claims when all federal claims are dismissed, *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002), and the Court has wide discretion to do so.  *See Guzzino v. Felterman*, 191 F.3d 588, 594-95 (5th Cir. 1999).  Here, the Court has now dismissed all of plaintiff's federal claims against all of the defendants.  No independent basis exists for jurisdiction on the state law claims against those defendants.  The state law claims involve issues of state law that comity principles indicate state courts should decide in the first instance.  The Court therefore finds that the rule counseling against the exercise of supplemental jurisdiction over state law claims when federal claims have been dismissed applies in this situation, and the Court dismisses plaintiffs' state law claims without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment as to plaintiff's claim under Title 42, section 1982 of the United States Code.  Plaintiff's state

law claims are dismissed without prejudice.

New Orleans, Louisiana, this __11th__ day of December, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT